UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TOBIAS ALVAREZ,<br>Petitioner,<br>v.<br>JIM ROBERTSON,<br>Respondent. | Case No. 21-cv-04626-HSG<br><br>**ORDER TO SHOW CAUSE** |

Petitioner, an inmate at Pelican Bay State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner has paid the filing fee. Dkt. No. 5.

## BACKGROUND

According to the petition, on or about November 22, 2017, Petitioner was sentenced to life without parole, plus an additional fifty-six years, after being convicted by a San Jose County jury of murder and second-degree robbery. Dkt. No. 1 at 2; Dkt. No. 1-1 at 2. The jury also found true a felony murder special circumstance allegation, as well as gang allegations attached to the murder count and to one count of robbery. Dkt. No. 1-1 at 2.

Petitioner unsuccessfully appealed his conviction to the state appellate court, and the California Supreme Court denied his petition for review. Dkt. No. 1 at 3; Dkt. No. 1-1. Petitioner does not report having filed any state habeas petition. Dkt. No. 1 at 3.

## DISCUSSION

**A.   Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in

1  custody pursuant to the judgment of a state court only on the ground that he is in custody in
2  violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v.*
3  *Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing
4  the respondent to show cause why the writ should not be granted, unless it appears from the
5  application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.     Petitioner's Claims**

The petition states the following cognizable claims for federal habeas relief: (1) the trial court erred when it refused to allow into evidence co-defendant Madrigal's admission to police that he had committed substantial portions of the charged crimes; (2) the trial court erred when it refused to allow cross-examination of Suevannah Mestas regarding co-defendant Madrigal's admission of guilt; (3) the prosecutor committed misconduct when he argued that Petitioner stabbed the victim; (4) insufficient evidence to support the conviction for robbery of Edward Ng; (5) insufficient evidence to support gang enhancements on the murder and robbery counts; special circumstance conviction should be reversed; (6) Petitioner's sentence constituted cruel and unusual punishment within the meaning of the Eighth Amendment; and cumulative error. *See generally* Dkt. No. 1. Liberally construed, the claims appear cognizable under § 2254 and merit an answer from Respondent. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons, the Court orders as follows.

1.     The Clerk shall serve electronically a copy of this order upon the Respondent and the Respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on Petitioner.

2.     Respondent shall file with the Court and serve on Petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted

based on the claims found cognizable herein.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty-five (35) days** of the date the answer is filed.

3. Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel.  Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: August 24, 2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

3