UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TOBIAS ALVAREZ,<br>Petitioner,<br>v.<br>JIM ROBERTSON,<br>Respondent. | Case No. 21-cv-04626-HSG<br><br>**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>Re: Dkt. No. 9 |

Petitioner has requested appointment of counsel, stating that an attorney is needed because he is indigent and cannot afford to hired a counsel, and that his interests would be protected by professional assistance. Dkt. No. 9. Petitioner's request is DENIED for the following reasons.

The Sixth Amendment right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which the petitioner is in no position to investigate crucial facts; and (6) factually complex cases. *See generally* 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is

necessary to prevent due process violations. *See Chaney*, 801 F.2d at 1196. Petitioner has not identified any circumstances in this action that require appointment of counsel, and nothing in the record indicates that the interests of justice require the appointment of counsel at this time. The Court therefore exercises its discretion and DENIES Petitioner's request for appointment of counsel without prejudice to *sua sponte* appointing counsel if circumstances so require.

This order terminates Dkt. No. 9.

**IT IS SO ORDERED.**

Dated: 10/25/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge